**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MICHAEL DUANE STRAIN #17685-046** | **CASE NO.  2:23-CV-01239 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ JR** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Petitioner Michael Duane Strain ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. At the time of filing, Petitioner was an inmate in the custody of the Bureau of Prisons ("BOP"). However, according to BOP's Online Inmate Locator System, Petitioner has been released from BOP custody.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted). Thus, if a

---

[1] https://www.bop.gov/inmateloc/

controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The proper purpose of a habeas petition is to challenge the fact or duration of a petitioner's confinement. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In other words, habeas exists solely to "grant relief from unlawful imprisonment or custody and . . . cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner's release from the custody of the BOP thus renders his habeas action moot. *See, e.g.*, *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release because "the thrust of [the] petition is to be released from confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (same).

Because Petitioner is no longer in custody, his § 2241 petition is moot. Accordingly, **IT IS ORDERED, ADJUDGED,** and **DECREED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 11th day of June, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**